UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERTO ALCORTA FERNANDEZ §<br> *Plaintiff*, §<br>§<br>v. §<br>§ No. _____<br>CHEYENNE PETROLEUM COMPANY, §<br>INDIVIDUALLY AND D/B/A §<br>CHEYENNE PETR.CO.L.P. AND §<br>WCI RANCH, LTD. §<br>§<br> *Defendant*. | | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendant Cheyenne Petroleum Company L.P. respectfully submits its Notice of Removal.

### I.   INTRODUCTION AND RELEVANT FACTS

1.   This is a personal injury case. Plaintiff Roberto Alcorta Fernandez ("Plaintiff") alleges he was injured at an oil and gas work location in La Salle County, Texas. Plaintiff was on location pursuant to his employment with Force Pressure Control to perform filter changes at Cheyenne's Irvin 19H and 20H wells. Force Pressure Control was an independent contractor for Cheyenne. Specifically, Plaintiff alleges he was injured while changing the pump filters due to a defective/malfunctioning piece on the well pumps. *See* Pl.'s Original Pet. ¶¶ 6-8. Plaintiff does not allege any defect on the ranch itself, just the oil and gas pumps. Plaintiff has nonetheless sued WCI Ranch , Ltd. (the surface estate owner) which surrounds the site of the alleged incident. Simply put, the WCI Ranch Ltd. has no involvement with the operations of the site in question during the alleged incident. Plaintiff has already admitted as much in his pleadings. *See* Pl.'s Original Pet. ¶

6. Vague pleadings and discovery will not change this. Accordingly, there is complete diversity jurisdiction in this matter.

2. As explained below, the parties in this case are completely diverse and the amount in controversy exceeds $75,000.00. *See* Pl.'s Original Pet. ¶ 13 ("Plaintiff sues for these damages in an amount in excess of the minimum jurisdictional limits of the Court, over $250,000.00 but less than $1,000,000.00").

## II.   THE PARTIES

3. Plaintiff is a citizen of the State of Texas. *See* Pl.'s Original Pet. ¶ 2.

4. Defendant Cheyenne Petroleum Company, ("Cheyenne") is a limited partnership. Cheyenne's sole members are Cheyenne International Corporation, formed under Oklahoma state law, with its principal place of business in Oklahoma City, Oklahoma, and Meridian International Limited, a corporation formed under Delaware state law, with its principal place of business in Oklahoma City, Oklahoma.

5. Improperly joined Defendant, WCI Ranch, LTD is a limited partnership organized under the laws of the State of Texas.

## III.   BASIS FOR REMOVAL

**A. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.**

6. Plaintiff states in his Original Petition he is seeking "monetary relief over $250,000.00 but not more than $1,000,000.00." *See* Pl.'s Original Pet. ¶ 13. Therefore, the amount in controversy exceeds the $75,000 threshold amount set by 28 U.S.C. § 1332(a).

**B. There is complete diversity of citizenship between Plaintiff and Cheyenne.**

7. There is complete diversity of citizenship between Plaintiff and Cheyenne.

8. Plaintiff is a citizen of the State of Texas. *See* Pl.'s Original. Pet. ¶ 2.

9. Defendant Cheyenne is a New York limited partnership. The citizenship of an LP depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of an LLC is determined by the citizenship of all of its members.). As discussed above, Cheyenne's sole members are Cheyenne International Corporation, formed under Oklahoma state law, with its principal place of business in Oklahoma City, Oklahoma, and Meridian International Limited, a corporation formed under Delaware state law, with its principal place of business in Oklahoma City, Oklahoma. Thus, Cheyenne is a citizen of Delaware and Oklahoma, for purposes of considering diversity of citizenship of the parties.

10. Therefore, Defendant Cheyenne is completely diverse from Plaintiff, as it is not a Texas citizen, and this Court has jurisdiction over this cause.

**C. Plaintiffs fraudulently joined WCI Ranch, LTD to defeat diversity jurisdiction.**

11. Plaintiff named WCI Ranch, LTD ("WCI Ranch"), a Texas entity, in this lawsuit for the sole purpose of destroying complete diversity, and to prevent removal. WCI Ranch is a surface estate owner which entered into a surface lease with Cheyenne for Cheyenne's oil and gas operations. *See* Surface Use Agreement Between WCI Ranch and Cheyenne, dated May 25, 2017, and attached hereto as Exhibit "A.". That surface lease provides that Cheyenne is responsible for the maintenance of its improvements to the property. *Id*. at § 15. Plaintiff is an employee of an independent contractor hired by Cheyenne in regard to Cheyenne's maintenance of the well cite. *See* Pl.'s Original. Pet. ¶ 6.

12. "[R]emoval based on diversity of citizenship is a right conferred by Congress, the need for which may well be greatest when the plaintiff tries hardest to defeat it." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990).

13. Improper joinder may be established either by showing (1) actual fraud in the pleadings or (2) the "inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Cumpian v. Alcoa World Alumina*, L.L.C., 910 F.3d 216, 219 (5th Cir. 2018) (quoting *Davidson v. Ga.-Pac., L.L.C.,* 819 F.3d 758, 765 (5th Cir. 2016)).

14. The pleading filed by Plaintiff in this matter does not establish a cognizable cause of action against WCI Ranch under the applicable pleading standards. To determine whether the plaintiff can establish a cause of action against a non-diverse defendant, the district court conducts a 12(b)(6) analysis of the plaintiff's pleading. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see* also *Waste Management Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 532 (5th Cir. 2020) (the federal pleading standard applies when determining whether a plaintiff has stated a claim against a non-diverse defendant).

15. To survive dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (a plaintiff must plead enough facts to state a claim to relief that is plausible on its face). Neither conclusory factual statements nor threadbare recitals of the elements of a cause of action meet the plausibility standard. *Iqbal*, 556 U.S. at 678.

16. Here, Plaintiff's allegations fail to state a plausible claim against WCI Ranch, LTD. Plaintiff alleges:

> It has become necessary for your Plaintiff to file this lawsuit to recover compensatory damages for personal injuries sustained as a result of an incident that occurred on or about June 11, 2022, at the Irvin 19H and 20H wells in La Salle County, Texas. On such date, Plaintiff was performing work on the wells located on Defendants' property at the request and instruction of ***Defendant Cheyenne***. *See* Pl.'s Original Pet. ¶ 6. (emphasis added).
>
> […]
>
> At the time and on the occasion in question, Plaintiff alleges that he encountered a defect at the Defendants' property in the form of a ***defective/malfunctioning piece of equipment*** that posed an unreasonable risk of harm. As a result of this defect, the hose failed and/or disconnected, resulting in the injuries and damages that make the basis of this lawsuit. The defect encountered by Plaintiff on Defendants' property was a dangerous hazard which proximately caused Plaintiff's injuries and damages. The presence of the defect constituted an unreasonable risk of harm of which the Defendants—by and through their employees, agents and/or representatives all acting within the course and scope of their employment, agency and/or authority and/or in furtherance of the business affairs of Defendants— created, knew of or reasonably should have known of, and of which the Defendants failed to correct, failed to warn of, and otherwise failed to exercise reasonable care for the safety of the Plaintiff and others. *See* Pl.'s Original Pet. ¶ 8. (emphasis added).

17. In short Plaintiff is alleging he was hired by Cheyenne to work on Cheyenne's oil and gas facility, specifically, to perform maintenance on filters to oil and gas pumps, and he alleges he was injured in the scope of this work.

18. WCI Ranch did not owe a duty. Texas law provides that Cheyenne as the mineral owner possesses the dominant estate and WCI Ranch as the surface owner possesses the subservient estate. *Shelby Operating Co. v. City of Waskom*, 964 S.W.2d 75, 83 (Tex. App. — Texarkana 1997). Because of this, Cheyenne is granted an implied easement of reasonable usage over the surface estate to produce the underground minerals. *Key Operating & Equip., Inc. v.*

*Hegar*, 435 S.W.3d 794, 799 (Tex. 2014). Cheyenne exercised that right and operated the oil and gas facility on the surface estate.

19. In such cases, Texas law provides that the owner of the land (i.e., WCI Ranch) who is subject to the easement is "not obligated to maintain or repair [the easement]." *Clearpoint Crossing Prop. Owners Ass'n & Cullen's LLC v. Chambers*, 569 S.W.3d 195, 205 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (citing *West v. Giesen*, 242 S.W. 312, 320 (Tex. App.—Austin 1922, writ ref'd). In fact, "[n]o duty is imposed upon the owner of the servient tenement ***to do any positive act***; all that is required of him is to abstain from unlawfully interfering with the easement." *West v. Giesen*, 242 S.W. 312, 321 (Tex. App.—Austin 1922, writ ref'd)(emphasis added).

20. No amount of vague pleading or discovery will change the allocation of duties under Texas property law. In fact, discovery will only show that Plaintiff was hired as an independent contractor by Cheyenne for maintenance of the site as he himself has alleged. *See* Pl.'s Original Pet. ¶ 6. ("Plaintiff was performing work on the wells located on Defendants' property at the request and instruction of Defendant Cheyenne.") Accordingly, Plaintiff cannot maintain a premises defect claim against WCI Ranch as a matter of law because the ranch did not owe him a duty to maintain or repair the property in question. Moreover, WCI Ranch did not hire Plaintiff (or his employer) to perform the subject work, this work was contracted specifically with Cheyenne. *See* Master Services Agreement between Cheyenne and Force Pressure Control, dated March 29, 2022, and attached hereto as Exhibit "B." Thus, a key element of his claim premises claim—i.e., a duty to Plaintiff—cannot be proven, and his claim must fail.

21. Moreover, Plaintiff's allegations are implausible under the pleading standards this Court must employ. "A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by

lumping together all defendants, while providing no factual basis to distinguish their conduct." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (citation omitted); *see Cobarobio v. Midland County, Texas*, 2015 WL 13608102 *6 (W.D. Tex. Jan.7, 2015) (Lumping defendants together with no attempt to distinguish claims does not state plausible claims against individual defendants). Plaintiff has done just that.

22. His pleading eschews facts in favor of conclusions. He alleges the threadbare elements of a premises liability claim and says all of the Defendants globally are responsible, without sufficient facts that might suggest how they failed any duty owed to Plaintiff. Not only are Plaintiff's allegations factually insufficient to overcome a 12(b)(6) challenge on the basis of vague and conclusory factual allegations, but they also are the type of "lumped-in" allegations that fail to state a plausible claim. *See Cobarobio v. Midland County, Texas*, 2015 WL 13608102 *6 (W.D. Tex. Jan.7, 2015) (Lumping defendants together with no attempt to distinguish claims does not state plausible claims against individual defendants). Plaintiff has made the exact same allegation against each defendant globally, without factual basis to distinguish one's conduct from another.

23. Specifically, all allegations and complaints in his Original Petition are related to Cheyenne's oil and gas equipment, which he was hired to work on. None of the complaints involve any area of the property other than the well and its component parts. Accordingly, the global allegations made by Plaintiff in his Original Petition are not only improperly vague, but they also do not allege any acts and/or omissions directly attributable to WCI Ranch. Therefore, Plaintiff has not and cannot establish a cause of action against the nondiverse defendant, WCI Ranch, and its citizenship should not be considered for purposes of evaluating whether there is complete diversity of citizenship in this matter.

**D. This removal is timely, and venue is proper.**

24. Defendant Cheyenne was first served with Plaintiff's Original Petition on January 10, 2024. *See* Service of Process Transmittal Summary. The January 10, 2024, service of process was the first time Defendant Cheyenne was served in this lawsuit. Accordingly, this Notice of Removal is timely as it is being filed within 30 days of Defendant Cheyenne being initially served in this lawsuit, and within one year of the commencement of this action.

25. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this District.

## IV.     JURY DEMAND

26. Plaintiff requested a jury trial in his Original Petition on January 8, 2024. *See* Pl.'s Original Pet. ¶ 15.

## V.     ATTORNEYS

27. Plaintiff is represented by Ryan King, SBN: 24073263, John D. Woods, Jr., SBN: 24067950, HAGOOD & KING, L.L.C., 1520 E. Highway 6, Alvin, Texas 77511, 281-331-5757, 281-331-1105 – fax, firm@h-kfirm.com

28. Defendant Cheyenne is represented by M. Matt Jett (Texas Bar No.: 24068684 / Federal ID: 1091711); Tim Redden Jr. (Texas Bar No. 24099654 / Federal ID: 3297561); and Aaron Koenck (Texas Bar No. 24116632 / Federal ID: 3838389); Hall Maines Lugrin, P.C., Williams Tower, 64th Floor, 2800 Post Oak Blvd., Houston, Texas 77056-6125; Telephone: (713) 871-9000.

## VI. ATTACHED DOCUMENTS AND NOTICE TO STATE COURT

29. All documents required under the removal statutes and the Local Rules are attached. Defendant will promptly file a copy of this Notice of Removal and its attachments with the clerk of the state court where the action has been pending.

Respectfully submitted,

HALL MAINES LUGRIN, P.C.

By: /s/ M. Matt Jett
M. Matt Jett
Attorney-in-Charge
Texas Bar No.: 24068684
Federal ID: 1091711
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas 77056-6125
Telephone: (713) 871-9000
Telecopier: (713) 871-8962
mjett@hallmaineslugrin.com

OF COUNSEL:

Tim Redden Jr.
Texas Bar No. 24099654
Federal ID: 3297561
Aaron Koenck
Texas Bar No. 24116632
Federal ID: 3838389
HALL MAINES LUGRIN, P.C.
2800 Post Oak Avenue, Suite 6400
Houston, Texas 77056
Phone: 713-871-9000
Fax: 713-871-8962
tredden@hallmaineslugrin.com
akoenck@hallmaineslugrin.com

**ATTORNEYS FOR DEFENDANT
CHEYENNE PETROLEUM COMPANY, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the above and foregoing document was served electronically served on the below listed counsel in accordance with the Federal Rules of Civil Procedure on February 2, 2024.

**ATTORNEYS FOR PLAINTIFF**                                                        *Via electronic service.*
Ryan King
SBN: 24073263
John D. Woods, Jr.
24067950
HAGOOD & KING, L.L.C.
1520 E. Highway 6
Alvin, Texas  77511
281-331-5757
281-331-1105 – fax
firm@h-kfirm.com


                                                                    */s/ M. Matt Jett*
                                                                    M. Matt Jett/Tim Redden Jr.