United States District Court
Southern District of Texas
**ENTERED**
May 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERTO ALCORTA FERNANDEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 5:24-CV-18 |
| CHEYENNE PETROLEUM | § | |
| COMPANY, L.P., AND | § | |
| WCI RANCH, LTD. | § | |

## ORDER

Plaintiff Roberto Fernandez has moved for remand in this personal injury dispute, claiming that the joinder of nondiverse Defendant WCI Ranch, Ltd. ("WCI") mandates remand (Dkt. No. 3). Having considered the arguments, record, and applicable authorities, the Court **DENIES** Plaintiff's motion (Dkt. No. 3). Defendant Cheyenne Petroleum, Company, L.P. ("Cheyenne") has persuasively shown that WCI is improperly joined, because Plaintiff cannot establish a cause of action against it.

## I.      BACKGROUND

This lawsuit arises out of injuries Plaintiff allegedly sustained while performing maintenance work for Defendant Cheyenne's oil and gas well operations (Dkt. No. 1-3 at 3–4). Plaintiff brought suit in state court against Cheyenne and WCI, the owner of the surface estate upon which Cheyenne has an easement for oil and gas drilling operations (*see* Dkt. Nos. 1 at 5, 1-1, 1-3 at 2). Plaintiff served Cheyenne on January 10, 2024, and served WCI on or about January 18, 2024 (Dkt. No. 1 at 8; 1-3 at 13, 41). Cheyenne timely removed to this Court on February 2, 2024, alleging that nondiverse Defendant WCI was improperly joined (Dkt. No. 1 at 1–3). Cheyenne

1

attached its surface use agreement with WCI to its notice of removal (*see* Dkt. No. 1-1). The surface use agreement allocates responsibility for maintenance and repairs to improvements on well operations to Cheyenne (*id*. at 8).

The Court ordered Plaintiff to file a response to Cheyenne's allegation that WCI was improperly joined (Dkt. No. 2). Plaintiff responded with the instant remand motion (Dkt. No. 3). In the motion, Plaintiff implored the Court not to conduct a summary inquiry by looking beyond the face of Plaintiff's complaint at documents purportedly demonstrating WCI owed no duty to Plaintiff (*id*. at 4–6). Plaintiff noted that property owners have potential liability for a dangerous condition on their property even if such a condition was created by others (*see id*. at 10–11) (citing *In re Eagleridge Operating*, 642 S.W.3d 518, 527 (Tex. 2022); *Occidental Chem. v. Jenkins*, 478 S.W.3d 640, 646–47 (Tex. 2016)). Plaintiff asserted that, because the extent of WCI's control over the property is a fact-intensive analysis, the Court is prohibited from engaging in such a review at this stage and the case should be remanded (*id*. at 11). Alternatively, Plaintiff requested leave to amend its complaint to correct any alleged deficiencies (*id*. at 13–14).

Plaintiff further argued that Cheyenne's removal was procedurally defective because (a) removal violated the forum defendant rule; (b) WCI did not consent to removal; and (c) Cheyenne failed to attach the return of service for WCI to its notice of removal (*id*. at 17–19). Lastly, Plaintiff requested attorney's fees (*id*. at 19–20).

Cheyenne timely responded to the remand motion, arguing that Plaintiff's complaint was facially deficient because it lumped all the Defendants together in a

conclusory manner (Dkt. No. 5 at 8–9) (citing *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016)). Cheyenne further argued that WCI, as the servient estate, had no duty to repair and had an affirmative duty not to interfere with the dominant estate (*id.* at 5). Servient estate owners, claimed Cheyenne, do not owe a duty under premises liability law to third parties injured on dominant estates (*id.* at 5, 11) (citing *Reyna v. Ayco Dev. Corp.*, 788 S.W.2d 722, 724 (Tex. App. 1990)).

Cheyenne also argued that consent to removal was not required from improperly joined WCI (*id.* at 13) (citing *Zobel v. Liberty Mut. Pers. Ins. Co.*, No. SA-23-CA-00650-XR, 2023 WL 5430475, at *2 (W.D. Tex. Aug. 23, 2023) ("Consent of an improperly joined party, however, is not necessary for removal to be procedurally proper") (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam)). Cheyenne lastly requested attorney's fees for the expense of responding to Plaintiff's motion, arguing that Plaintiff brought it in bad faith (*id.* at 15–16).

## II.   LEGAL STANDARDS

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the parties are, as relevant here, citizens of different states. *See I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023). Uncertainties about jurisdiction are resolved in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("[R]emoval statues are to be construed

3

strictly against removal and for remand.") (citation omitted); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). The removing party must establish jurisdiction. *Shearer v. Sw. Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

**B. Improper Joinder**

"[I]f a plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). A defendant may establish improper joinder through "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

### III.   DISCUSSION

*1. Improper Joinder*

Cheyenne alleges WCI is improperly joined because Plaintiff cannot maintain a cause of action against it (Dkt. No. 5 at 5). "To determine whether the plaintiff can establish a cause of action against the non-diverse defendant, the district court conducts a Federal Rule of Civil Procedure 12(b)(6) analysis." *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (citations omitted). "[L]umping together multiple defendants without identifying who is responsible for

which acts does not satisfy . . . 12(b)(6)." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016).

Here, Cheyenne correctly points out that Plaintiff's complaint lumps the defendants together, failing to distinguish who is responsible for which acts (*see generally* Dkt. No. 1-3 at 2–11; *see* Dkt. No. 5 at 7–9). After alleging that WCI is a Texas citizen, Plaintiff does not refer specifically to WCI again in the rest of its state court petition (*see* Dkt. No. 1-3 at 2–11). Instead, Plaintiff only refers to "Defendant Cheyenne" or "Defendants" (*see id.*). Plaintiff acknowledges that he "was performing work on the wells . . . at the request and instruction of Defendant Cheyenne" (*id.* at 3). It is unclear, therefore, what basis Plaintiff has for the assertion that he was "a business invitee of *Defendants*" at the time of his injury (*id.* at 4) (emphasis added). Plaintiff's conclusory allegations that WCI is liable cannot defeat Cheyenne's right to a federal forum. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Thus, Plaintiff's global allegations against "Defendants," without any specification as to why WCI is liable for Plaintiff's injuries, do not meet the 12(b)(6) pleading standard. *See Howard v. John Moore, L.P.*, No. H–13–1672, 2014 WL 5090626, at *4 (S.D. Tex. Oct. 9, 2014) (plaintiffs failed to state a claim because they "rel[ied] too heavily on their global allegations" regarding several defendants); *see also SCHST, Inc. v. Arthur J. Gallagher & Co.*, No. 4:21-CV-02935, 2022 WL 4022054, at *9 (S.D. Tex. Aug. 23, 2022), *report and recommendation adopted sub*

*nom. SCHST Inc. v. Certain Underwriters at Lloyd's, London*, No. 4:21-CV-02935, 2022 WL 4588589 (S.D. Tex. Sept. 28, 2022) ("[Plaintiff's] '[g]lobal allegations of wrongdoing' by 'Defendants,' collectively, 'are insufficient to state a claim for relief.'") (quoting *Armendariz v. Bank of Am.*, N.A., 2015 WL 3504961, at *8 (W.D. Tex. May 21, 2015)).

In the alternative, even if Plaintiff's complaint survived a 12(b)(6) analysis, it would not survive a summary inquiry, because Cheyenne's supporting documentation establishes that WCI owed Plaintiff no duty. Courts can engage in a summary inquiry, piercing the pleadings, if the complaint omits facts that would determine the propriety of joinder. *Smallwood*, 385 F.3d at 573. "[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." *Id.* at 575 (quoting *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906)). A summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [nondiverse] defendant." *Dodd v. Chubb Nat'l Ins. Co.*, No. 4:21-CV-03671, 2022 WL 1185175, at *2 (S.D. Tex. Apr. 21, 2022), *report and recommendation adopted*, No. 4:21-CV-03671, 2022 WL 1540582 (S.D. Tex. May 16, 2022) (citing *Smallwood*, 385 F.3d at 573–74).

The discrete and undisputed fact which warrants a summary inquiry here is that Cheyenne and WCI had a surface use agreement for Cheyenne to engage in oil and gas well operations on WCI's land (*see* Dkt. No. 1-1). This is significant because under Texas premises liability law servient estate owners do not owe a duty to third

parties injured on dominant estates. *See Reyna*, 788 S.W.2d at 724 (servient estate owner had no duty to child burned by electrical switching cabinet located within City's easement); *see also Corpus Juris Secundum*, 28A C.J.S. Easements § 230 ("The owner of an easement is responsible for any harm resulting from failing to maintain or repair the easement, absent any separate agreement."). As United States Magistrate Judge Christopher Dos Santos highlighted in his order:

> Under Texas law the mineral owner possesses the dominant estate, and the surface owner possesses the subservient estate. *Getty Oil Co. v. Jones*, 470 S.W.2d 618, 621 (Tex. 1971); *Shelby Operating Co. v. City of Waskom*, 964 S.W.2d 75, 83 (Tex. App. 1997) . . . . "The owner of land which is subject to an easement requiring the maintenance of means for its enjoyment is not bound, unless by virtue of some agreement, to keep such means in repair, or to be at any expense to maintain them in a proper condition." *West v. Giesen*, 242 S.W. 312, 321 (Tex. Civ. App. 1922) *writ refused* (Oct. 25, 1922) (emphasis added).

(Dkt. No. 2 at 4).

Thus, given the easement, Cheyenne, not WCI, had control over the well operations and held the duty in tort to Plaintiff. *See Oncor Elec. Delivery Co. v. Murillo*, 449 S.W.3d 583, 591 (Tex. App. 2014) (easement holder "qualified as an occupier of the premises for the purposes of creating a duty in tort"). WCI, the servient estate owner, had no duty to maintain or repair the easement absent a contrary agreement. *See Smith v. Huston*, 251 S.W.3d 808, 828–29 (Tex. App. 2008) (citations omitted). Here, the surface use agreement specifically allocated responsibility to Cheyenne for maintenance and repairs to improvements connected to the well operations (Dkt. No. 1-1 at 8).

The cases Plaintiff cites are inapposite because they did not involve easements (*see* Dkt. No. 3 at 10–11) (citing *In re Eagleridge Operating*, 642 S.W.3d at 527;

*Occidental Chem.*, 478 S.W.3d at 646–47). Plaintiff broadly claims that property owners may be liable for a dangerous condition on their property even if such a condition was created by others (*id.*). But this argument does not address the more specific, and relevant, circumstance of the allocation of liability between servient and dominant estates when a third party is injured on the dominant estate.

Given the easement WCI granted Cheyenne, Plaintiff cannot establish a cause of action against WCI, the owner of the servient estate, for injuries he sustained while performing maintenance on Cheyenne's well operations. *See Reyna*, 788 S.W.2d at 724. Therefore, WCI is improperly joined as a Defendant. *See Smallwood*, 385 F.3d at 573 (improper joinder established if plaintiff cannot recover against in-state defendant) (citation omitted). Because the remaining parties are diverse, and the amount-in-controversy requirement is met, the Court can exercise jurisdiction over this matter (*see* Dkt. No. 1 at 2). *See* 28 U.S.C. § 1332(a)(1).

Plaintiff requests in the alternative leave to amend his complaint "to correct any alleged deficiencies," but fails to propose any amendment that would show WCI is properly joined as a defendant, or to describe any changes he would make to the complaint (Dkt. No. 3 at 13). Therefore, Plaintiff's request for leave to amend his complaint is **DENIED WITHOUT PREJUDICE**. *See Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015) (district court properly denied leave to amend where plaintiff failed to explain how an amendment would improve her complaint or describe her proposed amended complaint).

### 2. *In-State Defendant Rule*

Plaintiff further argues that Cheyenne's removal was defective under 28 U.S.C. § 1441(b)(2), which provides that, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought" (Dkt. No. 3 at 14–15) (emphasis added). Because WCI was improperly joined, this argument carries no force. The citizenship of an improperly joined party may be disregarded when assessing subject-matter jurisdiction. *See Flagg*, 819 F.3d at 136.

### 3. *Consent to Removal*

Plaintiff claims Cheyenne's removal was improper because it did not obtain WCI's consent to removal (Dkt. No. 3 at 17). But because WCI was improperly joined, Cheyenne was not required to obtain its consent to removal of this action. *See Zobel v. Liberty Mut. Pers. Ins. Co.*, No. SA-23-CA-00650-XR, 2023 WL 5430475, at *2 (W.D. Tex. Aug. 23, 2023) ("Consent of an improperly joined party, however, is not necessary for removal to be procedurally proper.") (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam)).[1] So, WCI's failure to timely consent to removal does not support remand.

---

[1] WCI filed a consent to removal on April 11, 2024 (Dkt. No. 7). However, "all defendants that have been properly joined and served must consent to removal by timely filing a written indication of consent within the thirty days prior to the expiration of the removal period." *Freeman v. State Farm Mut. Auto. Ins. Co.*, No. CV H-18-4408, 2019 WL 181274, at *1 (S.D. Tex. Jan. 11, 2019) (citing 28 U.S.C. § 1446(b)(2); *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Because Plaintiff served WCI on or about January 18, 2024 (Dkt. No. 1-3 at 41), and because WCI was improperly joined, WCI's late-filed consent has no bearing on the propriety of removal.

### 4. *Failure to Attach Return of Service for WCI*

Plaintiff alleges that remand is warranted because Cheyenne did not attach the return of service for WCI to its notice of removal (Dkt. No. 3 at 18–19). However, "[t]he majority of courts to consider the issue, including the United States Court of Appeals for the Fifth Circuit and district courts in Texas, have held that under section 1446(a) 'mere modal or procedural defects are not jurisdictional' and may be cured." *Abrams, Tr. of Richard N. Abrams Tr. Created Under Abrams Fam. Gift Tr. v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-CV-922-Y, 2018 WL 10561519, at *3 (N.D. Tex. June 15, 2018) (rejecting argument that defendant's failure to attach a copy of the citation served on defendant to its notice of removal warranted remand) (collecting cases). Therefore, this minor defect in removal does not support remand. Instead, the Court **ORDERS** Defendant Cheyenne to supplement its notice of removal by filing the return of service on Defendant WCI no later than **May 14, 2024**.

### 5. *Attorney's Fees*

Both parties have requested attorney's fees (*see* Dkt. Nos. 3 at 19–20; 5 at 15–16). Because removal was proper, Plaintiff's request for attorney's fees is **DENIED**. As for Defendant's request for attorney's fees, under Federal Rule of Civil Procedure 11(c)(2), a motion for sanctions, including attorney's fees, must be "filed separately and served on the nonmoving party at least twenty-one days before it is filed with the court." *Worrell v. Houston CanA Acad.*, 287 F. App'x 320, 328 n.3 (5th Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)).

Defendant Cheyenne failed to serve Plaintiff with a separate motion for attorney's fees here, or to provide for the twenty-one-day waiting period after serving the motion. The request for attorney's fees was simply brought at the end of Cheyenne's response to Plaintiff's motion to remand (*see* Dkt. No. 5 at 15–16). Therefore, Cheyenne's request for attorney's fees is **DENIED WITHOUT PREJUDICE**. *See Porter Teleo, LLC v. Print4One, LLC*, No. 4:19-CV-03334, 2020 WL 6277583, at *2 n.2 (S.D. Tex. Sept. 9, 2020) (denying defendant's motion for attorney's fees where defendant requested sanctions in response to plaintiff's motion for a preliminary injunction, instead of serving a separate motion on plaintiff).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand, his request for leave to amend his complaint, and his request for attorney's fees (Dkt. No. 3) are **DENIED**. Defendant Cheyenne's request for attorney's fees is **DENIED**. Cheyenne is **ORDERED** to file the return of service for Defendant WCI no later than **May 14, 2024**. The Clerk of Court is directed to **TERMINATE** Defendant WCI Ranch, Ltd., from this civil action.

It is so **ORDERED**.

**SIGNED**, May 6, 2024.

Marina Garcia Marmolejo
United States District Judge